IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA LONG,

                Plaintiff,

     v.                            CASE NO. 06-3089-SAC

FRANK DENNING, et al.,

                Defendants.

**O R D E R**

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Olathe Detention Center, Olathe, Kansas (ODC). Named as defendants are Frank Denning, Sheriff of Johnson County who is Director of the Johnson County Adult Detention Centers; Major Cortright, the "acting Bureau Commander" of the ODC; and Deputy Morris, corrections officer at the ODC at the time of the incident.

Plaintiff seeks leave to proceed in forma pauperis (Doc. 2). The "Commissary Account History" submitted by plaintiff in support of his motion indicates his balance over the past six months has been a negative amount. The court finds no initial partial filing fee may be imposed due to plaintiff's limited resources.

As grounds for his complaint, plaintiff alleges that on October 19, 2005, while assigned to the disciplinary segregation module, he was out for his one hour of recreation and was fully restrained: in a leather belt, handcuffed at the waist, with his legs shackled. He alleges he was reading a letter to Mike Lee when Deputy Morris came out of the guard shack, ripped the letter

out of his hands, pushed him and told him to lockdown.  Plaintiff states he turned to ask Morris why he had pushed him, and Morris grabbed him from behind and "slammed him on his head and shoulder."  Plaintiff further alleges he was left on the floor fully restrained and lying in a pool of blood waiting for medical assistance.  Plaintiff exhibits medical records indicating he was hospitalized, received four stitches in the back of his head, and was treated for a concussion and separated shoulder.  Plaintiff alleges the attack was unprovoked, and claims the force used by Morris was excessive and unnecessary.

Plaintiff asserts this attack amounted to a violation of the Eighth Amendment prohibition against cruel and unusual punishment[1] as well as a "substantive due process violation[2]."  He seeks compensatory and punitive damages against Morris, alleging the acts of defendant Morris caused him bodily harm.  He seeks monetary damages against Denning and Cortright based upon their supervisory duties at the jail.

The Court must construe the complaint liberally, because Long is a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-21, (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's

---

[1] When a plaintiff claims that a prison official used excessive physical force violating the cruel and unusual punishment clause, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7, (1992), *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973), *as cited in* Whitley v. Albers, 475 U.S. 312, 320 (1986).  Plaintiff does not have to demonstrate serious injury, although the extent of injuries suffered is a factor in determining whether the use of force "could plausibly have been thought necessary." Hudson, 503 U.S. at 7.

[2] These federal constitutional rights are made applicable to the States by the Fourteenth Amendment.

2

advocate. See Hall, 935 F.2d at 1110.  For the reasons stated below, Mr. Long will be ordered to show cause.

Because Mr. Long is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

Having screened all materials filed, the court finds the complaint is subject to being dismissed for two reasons.  First, plaintiff has not sufficiently pled exhaustion of administrative remedies.   42  U.S.C.  1997e(a)  directs:  "No  action  shall  be brought with respect to prison conditions under section 1983 . . . by  a  prisoner  confined  in  any  jail . . . until  such administrative remedies as are available are exhausted."  The U.S. Supreme Court has held that this section applies to single-incident excessive force claims as well as claims concerning other conditions affecting prisoners. Porter v. Nussle, 534 U.S. 516, 520 (2002).  This exhaustion requirement is mandatory and may not be disregarded by the court.  Id. at 524.  Exhaustion under § 1997e(a) is not an affirmative defense to be specially pleaded or waived.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). Instead, it is a pleading requirement imposed upon the prisoner plaintiff.   Id.   It  follows  that  a  complaint  that  fails  to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.  Id.  When a complaint fails to state a claim, 42 U.S.C. 1997e(c)(1) requires the court

3

to dismiss it sua sponte. <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1238 (10th Cir. 2005). The Tenth Circuit has also determined that "total" exhaustion is required. <u>Ross v County of Bernalillo</u>, 365 F.3d 1181, 1188-89 (10th Cir. 2004).

Plaintiff generally alleges he has exhausted the administrative remedies available at the ODC and provides exhibits of two "Inmate Communication Form" grievances submitted by him. One was directed to Shift Commander on November 15, 2005, and the other to "Bureau Commander" on November 29, 2005. Both describe the incident on October 19, 2005, and the alleged injuries, but the only relief requested is that Deputy Morris "be reprimanded for his actions." The grievances were disposed of with statements that the incident, "like all use of force situations" had been reviewed, and "the appropriate action" had been taken.

The two grievances do not mention plaintiff's constitutional claims that he was subjected to cruel and unusual punishment and denied due process or that he suffered injuries as a result which allegedly entitle him to money damages from the three named defendants. Plaintiff did not mention Denning or Cortright at all in either grievance. Since plaintiff has provided neither "particularized averments" nor exhibits demonstrating that he exhausted his administrative remedies as to all defendants, this court may be required to dismiss the entire action without prejudice. <u>Id</u>. at 1189.

The second reason the complaint is subject to dismissal is plaintiff's failure to allege facts indicating liability for

4

damages under Section 1983 of either defendant Denning or Cortright should plaintiff prove the alleged excessive force incident. To obtain money damages against defendant Denning in his official capacity as Sheriff of Johnson County, plaintiff must identify a county "policy" or "custom" and that it caused his injury. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690, FN 55 (1978); <u>Board of County Com'rs of Bryan County v. Brown</u>, 520 U.S. 397, 403 (1997). As the Supreme Court has explained:

> . . . a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

<u>Id</u>. at 404. Plaintiff has not identified in the complaint a policy adopted by a duly constituted legislative body of Johnson County or, assuming defendant Denning can be considered a final policymaker for establishing county policy, a "deliberate choice to follow a course of action" by defendant Denning which resulted in a constitutional violation. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986). Nor has plaintiff identified a custom that "is so widespread as to have the force of law" in connection with the incident described in the complaint. <u>Brown</u>, 520 U.S. at 404. Accordingly, plaintiff has failed to state a claim under 42 U.S.C. § 1983 against either defendant Denning or defendant Cortright in his official capacity at the county facility. Thus, plaintiff's cause of action against these two defendants in their official capacities should be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim.

Even if the court liberally construes the complaint as asserting a cause of action for damages against defendants

Denning and Cortright in their individual capacities, it still fails to state a claim.  This is so because plaintiff does not allege the personal participation or acquiescence by defendants Denning and Cortright in the excessive force incident described in the complaint.  See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."), *citing*, Grimsley vl MacKay, 93 F.3d 676, 679 (10th Cir. 1996); Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)(Plaintiff must show defendant personally participated in the alleged violation, and conclusory allegations are not sufficient.).  Instead, Long makes conclusory allegations that defendant Denning "has custody of" and "is responsible for" the conduct of the jail, and defendant Cortright "oversees supervisory duties of subordinates."  Such allegations based only upon one's supervisory capacity fail to state a claim for relief.  Accordingly, plaintiff's cause of action against defendants Denning and Cortright in their individual capacities should be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim.

In this Order, plaintiff is given the opportunity to show full and total exhaustion of administrative remedies on all his claims as to all three defendants.  Plaintiff should also describe to the court the steps available through the administrative grievance process at the Johnson County detention center and state whether or not he pursued all available appeals including submitting intermediate grievances to the "Shift

Sergeant" and the "Division Commander" as required in the Inmate Guidebook. Long is also required to allege facts, if he can, to show personal participation on the parts of defendants Denning and Cortright in order to avoid dismissal of his complaint against them.

In the alternative to showing total exhaustion and personal participation as to all three defendants, plaintiff may file a motion to voluntarily dismiss defendants Denning and Cortright from this action, or submit an amended complaint naming Morris as the sole defendant, and proceed against Morris only. It appears, at this juncture anyway, that Long has sufficiently pled exhaustion and alleged personal participation as to his excessive force claim against defendant Morris.

**IT IS THEREFORE ORDERED** that plaintiff is directed to show cause within twenty (20) days why this action should not be dismissed for the reasons stated in this Order. If plaintiff fails to comply, this action may be dismissed without further notice.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge