IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA LONG,**

            **Plaintiff,**

    v.                        CASE NO. 06-3089-SAC

**FRANK DENNING, et al.,**

            **Defendants.**

<u>O R D E R</u>

On April 27, 2006, this court entered an Order requiring plaintiff herein to show cause why this action should not be dismissed for the reasons stated in that Order including failure to adequately plead exhaustion of administrative remedies. Plaintiff thereafter filed an Amended Complaint (Doc. 8) and Amended Complaint Part II (Doc. 10). He has also submitted a letter, which the court treats herein as a Motion to Compel Production of Tapes (Doc. 9), and a Motion for Appointment of Counsel (Doc. 11). Having considered all the materials filed the court find as follows.

In his amended complaint, plaintiff requests that defendants Cortright and Denning be dismissed from this lawsuit and that the case proceed with Deputy Morris as the only defendant. The court construes this as plaintiff's Motion to Dismiss defendants Cortright and Denning, and shall grant the motion and dismiss these defendants, without prejudice.

Plaintiff's Motion to Compel Production of Tapes (Doc. 9) is denied at this juncture, without prejudice to him filing discovery motions later in the proceedings. However, the court will order that any tapes of the complained-of incident be preserved and

provided as a part of the Martinez report.

Plaintiff's Motion for Counsel (Doc. 11) is denied at this juncture because it appears thus far that plaintiff is capable of adequately presenting his claims. He has no right to appointment of counsel in this civil action. However, plaintiff may renew this motion at a later stage in the proceedings.

In response to the court's prior order, plaintiff has provided exhibits of his administrative grievances and exhibits of the available grievance procedures at the JCDC, which show that he has fully exhausted the available remedies on his excessive force claim. The court finds a response to the complaint is required with respect to plaintiff's claim of excessive force against defendant Morris.

Plaintiff alleges in his Amended Complaint II that defendant Morris is harassing him, searching his cell, and looking at his legal papers including those pertaining to this lawsuit against Morris. Plaintiff asks the court to order that defendant Morris and another deputy, who is not a defendant, be prohibited from working near him. Plaintiff's claims in this regard are conclusory and speculative, and do not justify this court's interference with operation of the jail. As plaintiff was informed during the grievance process, the fact that an inmate has filed a lawsuit against a jail official is not enough, standing alone, to prohibit the jail employee from having contact with the plaintiff inmate. The court cannot presume that the defendant as an employee at the jail or the jail administration will act improperly.

In his amended pleadings, plaintiff exhibits several grievances regarding bills he received for medical expenses, and complains of them not being paid by the jail. The responses to his grievances

2

indicate he has been repeatedly told the JCADC will pay the bills, and he should send any he receives to medical staff. These grievances are not shown at this point to be relevant to the claims raised in the complaint. If plaintiff intended to present an additional claim involving his credit record, the court finds no federal constitutional claim is presented by the circumstances indicated in these exhibits.

Plaintiff seeks leave to proceed in forma pauperis and has submitted his financial records for the last six months in support. Having considered those records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. However, plaintiff is advised he remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)[1].

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Johnson County Adult Detention Facility. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss this action as against defendants Frank Denning and Major Cortright (Doc.

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

8) is granted; and the action is dismissed, without prejudice, as against defendants Denning and Cortright.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without prepayment of fees (Doc. 2) is granted.  Collection action shall commence and continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the $350.00 filing fee in this action.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Production of Tape (Doc. 9), and Motion for Appointment of Counsel (Doc. 11) are denied, without prejudice.

**IT IS FURTHER ORDERED** that:

(1) The clerk of the court shall prepare waiver of service forms for the defendant pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Johnson County Adult Detention Center are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should

be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Johnson County Adult Detention Center to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendant, to the Johnson County Adult Detention Center, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED**.

Dated this 26th day of September, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge