DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA LONG,

**Plaintiff,**

v.                                                    CIVIL ACTION

                                                     No. 06-3089-KHV-DJW

(fnu) MORRIS, Deputy Sheriff
Johnson County Sheriff's Office,

**Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court are the following motions: (1) Plaintiff's Motion to Appoint Counsel, or in the Alternative, Motion to Stay Case (doc. 15); (2) Defendant's Motion to Strike (doc. 19); and (3) Defendant's Motion to Stay Discovery (doc. 22). For the reasons set forth below, the Court will deny Plaintiff's Motion and grant Defendant's Motions.

## I.      Background Information

Plaintiff is a state prisoner who is proceeding *in forma pauperis*. He has filed this action against Defendant Morris, a deputy sheriff working at the facility where Plaintiff is incarcerated. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, asserting that Defendant violated his Eighth Amendment rights by using excessive force against him, resulting in bodily injuries.

## II.      Defendant's Motion to Strike

Defendant moves to strike the pleading filed by Plaintiff entitled "Plaintiff's Response to Answer of Defendants to Plaintiffs Complaint, Amended Complaint and Amended Complaint II" (doc. 18) ("Plaintiff's Response"). The Court agrees with Defendant that Plaintiff's Response should be stricken because it is an unauthorized pleading.

Federal Rule of Civil Procedure 7(a) sets forth certain types of pleadings that may be filed. The Rule provides as follows:

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer.[1]

Defendant Morris has filed his answer. There is no counterclaim, cross-claim, or third-party complaint on file that would require any additional responsive pleadings. The pleadings are therefore closed,[2] and Plaintiff's Response is not authorized by Rule 7. As Plaintiff's Response is unauthorized, the Court holds that it should be stricken.

Accordingly, the Court will grant Defendant's Motion to Strike, and Plaintiff's Response, which includes a request for a jury trial (doc. 18), is hereby stricken.

## III.    Defendant's Motion to Stay Discovery

Defendant moves to stay discovery pending a ruling on Defendant's Motion for Summary Judgment (doc. 20). Defendant contends that he is entitled to a stay because he has moved for summary judgment based on the affirmative defense of qualified immunity.

The Court agrees that a stay is appropriate under the circumstances. A defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other

---

[1]Fed. R. Civ. P. 7(a) (emphasis added).

[2]*See Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383, 385 (D. Kan. 1995) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim or third-party claim is interposed, in which event the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings.") (citing 5A, Wright and Miller, *Federal Practice and Procedure* § 1367 at 512-13 (1990)).

pretrial proceedings.[3]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendant's Motion to Stay Discovery (doc. 22) is granted.  The Court, however, finds that more than just discovery should be stayed.  When the question of a defendant's immunity is before the Court, it is proper for the Court to stay not only discovery but all other pretrial proceedings.[6]  Accordingly, all pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery, are hereby stayed until the Court has ruled on Defendant's pending Motion for Summary Judgment (doc. 20).

## IV.   Plaintiff's Motion to Appoint Counsel, or in the Alternative, Motion to Stay Case

Plaintiff moves for an order appointing him counsel.  In the alternative, he requests that the Court stay the action until he recovers from surgery that was performed on his right shoulder, which he asserts renders him unable to write.

---

[3]*Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4]*Id*., 500 U.S. at  232.

[5]*Id*. at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).

[6]*See, e.g., Goin v. Kan*., No. 06-2165-KHV-DJW, 2007 WL 60939, at *1 (D. Kan. Jan. 8, 2007) (vacating all settings and staying all pretrial and Rule 26 proceedings, including discovery); *Parks v. Kan*., No. 06-2155-KHV-DJW, 2006 WL 2331162, at *1 (D. Kan. Aug. 10, 2006) (staying all pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery).

It is well settled that prisoners alleging civil rights violations have no absolute right to the assistance of counsel in the prosecution of such an action.[7]  That is because, unlike in a criminal case, a party in a civil case has no constitutional right to appointment of counsel.[8]  The court, however, may, in its discretion, appoint counsel in a civil action to represent a person, such as Plaintiff, who is proceeding *in forma pauperis*.[9]  The appointment of counsel in such a case is a matter within the sound discretion of the district court.[10]

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim.[11]  If the Court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts."[12] The court should also consider the following factors:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[13]

---

[7]*Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969).

[8]*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[9]*See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[10]*Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

[11]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citations omitted).

[12]*Id.* (citations omitted)

[13]*Id.; Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

After reviewing the allegations of Plaintiffs' Complaint and the other pleadings filed in this case, the Court finds that the factual and legal issues raised by this lawsuit are not complex.  The Court further finds that Plaintiff is articulate and able to cite to appropriate case and statutory authority.  Moreover, the Court finds that Plaintiff appears capable of investigating the crucial facts of the case and representing himself in this case.  The Court is mindful that Plaintiff may be unable to write, at least temporarily, due to his shoulder surgery.  The Court, however, has stayed all pretrial proceedings and discovery.  Thus, there appears no immediate need to appoint Plaintiff counsel. Accordingly, Plaintiff's request for appointment of counsel will be denied, without prejudice, at this particular point in the litigation.   Plaintiff may renew his request for counsel at a later stage in the proceedings if appropriate.

The Court finds Plaintiff's alternative request that the case be temporarily stayed until he recovers from his shoulder surgery to be moot, as the Court has already entered a stay pending a ruling on Defendant's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (doc. 19) is granted, and Plaintiff's pleading entitled "Response to Answer of Defendants to Plaintiffs Complaint, Amended Complaint and Amended Complaint II" (doc. 18) is hereby stricken.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay (doc. 22) is granted pending a ruling on Defendant's Motion for Summary Judgment (doc. 20).   All pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery, are hereby stayed until the Court has ruled on Defendant's pending Motion for Summary Judgment (doc. 20).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (doc. 15) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion to Stay Case (doc. 15) is denied as moot.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of March 2007.


<u>s/ David J.Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties